FILED

UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2015 SEP 14  PM 2: 11

LUIS PEREZ, SR., LUIS PEREZ, JR.,
CHAVELIZ PEREZ, ISAIAH RAY, CARLOS
PEREZ, and ANDREW PEREZ,

    Plaintiffs,
v.                                      CASE NO. 8:15-cv-2136-T-33 EAJ

UNITED STATES OF AMERICA,

    Defendant.
_____/

## PLAINTIFFS' COMPLAINT

Plaintiffs, Luis Perez, Sr., a United States Army veteran, and his family, including Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez, by and through their undersigned counsel, hereby sue the United States of America.

Plaintiffs bring this action pursuant to the Federal Tort Claims Act to remedy the negligence of agents of United States Immigration and Customs Enforcement who, without due care, entered the Perez's home to forcefully execute an arrest warrant by employing a pyrotechnic flash bang device, handcuffing members of the family, holding members of the family at gunpoint, and damaging their home. These federal agents possessed a warrant, but for a neighboring home with a different address than the Perez home.

### JURISICTION AND VENUE

1.     This Court has jurisdiction under 28 U.S.C. §§ 1331 & 1346(b) over the federal claims brought in this action.

2.     Venue is proper under 28 U.S.C. § 1391(b) and Local Rule 1.02(b)(4), as plaintiffs' claims arose in Hillsborough County, Florida.

TRA -32158

$400

## PARTIES

3. Plaintiffs, Luis Perez, Sr., and his family, were at all relevant times residents of Hillsborough County, Florida.

4. United States Immigration and Customs Enforcement (ICE) is a division of the United States Department of Homeland Security. The United States of America is named as the sole defendant as required by 28 U.S.C. §§ 2674 & 2679(d).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiffs have timely exhausted their administrative remedies. They timely presented their claims to United States Immigration and Customs Enforcement administratively. The agency denied the claims in writing by letter dated March 16, 2015. This complaint is thus timely filed pursuant to 28 U.S.C. § 2401.

## FACTS

6. Plaintiff Luis Perez, Sr. was a Staff Sergeant with the United States Army from 1995 to 2007. His service included stints in Kosovo and Somalia.

7. In July, 2011, Mr. Perez resided with his wife, children, and a grandchild in Tampa, Florida.

8. In the early morning of July 20, 2011, Mr. Perez and his family were at home.

9. Suddenly, a number of persons, at least some of whom were attired in combat-like gear and clothing, forcefully broke through the front door of the Perez home. These persons later identified themselves as agent of United States Immigration and Customs Enforcement.

10. These federal agents damaged the front door and door frame of the Perez home. These federal agents then activated a pyrotechnic "flash bang" device, designed to incapacitate,

Case 8:15-cv-02136-VMC-AAS   Document 1   Filed 09/14/15   Page 3 of 4 PageID 3

at least temporarily, anyone who is present inside the dwelling. The device deployed, damaging the floor of the Perez home and terrorizing plaintiffs.

11. Luis Perez was bodily slammed on the floor and handcuffed by the agents. He was mentally and emotionally distressed by the experience.

12. The other plaintiffs, other than Isaiah Ray, were either handcuffed, held at gunpoint, or both, by the federal agents. All plaintiffs were mentally and emotionally distressed by the agents' actions.

13. The front door to the Perez home has large identifying numerals that are readily visible and easily read by anyone approaching the front door. These numerals comprise the address of the Perez home. The numbers read: "9301."

14. The agents appeared at the Perez home to execute a warrant. The address appearing on the warrant was not the Perez home. The address on the warrant did not read "9301."

15. The agents were eventually heard to say, "We got the wrong house!"

16. The agents who entered the Perez home were acting within the scope of their authority at all times.

17. As a result of the ICE agents' negligence, the plaintiffs suffered personal injury and property damage.

## COUNT ONE
## FEDERAL TORT CLAIMS ACT - NEGLIGENCE

18. All paragraphs numbered 1 through 17 are hereby realleged.

19. The agents of United States Immigration and Customs Enforcement who entered plaintiffs' home on July 20, 2011, owed a duty to plaintiffs and, as described above, breached

that duty to plaintiffs and were a direct and proximate cause and a substantial factor in causing plaintiffs' damages.

20. The actions of the ICE agents constitute the tort of negligence under Florida law.

21. Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court will reward:

1. Compensatory damages;

2. Standard Costs;

3. Reasonable Attorney's fees and costs; and

4. All other relief the Court deems just and equitable.

WHEREFORE, plaintiffs their complaint.

Respectfully submitted this 14th day of September, 2015.

FARMER AND FITZGERALD, P.A.

*/s/ Matthew Farmer*

Matthew P. Farmer, Esq.
Fla. Bar No. 0793469
102 W. Whiting St., Suite 501
Tampa, Florida 33602
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com