UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS PEREZ, SR., LUIS PEREZ, JR., CHAVELIZ PEREZ, ISAIAH RAY, CARLOS PEREZ, and ANDREW PEREZ,

Plaintiffs,

v. CASE NO.: 8:15-cv-2136-T-33EAJ

UNITED STATES OF AMERICA,

Defendant.
_____________________________________/

**DEFENDANT'S MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant, the United States of America, by and through the undersigned Assistant United States Attorney moves this Court for dismissal of Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] As argued below, Plaintiffs' Complaint should be dismissed as 1) Plaintiffs Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez failed to exhaust their administrative remedies by failing to submit a Standard Form 95 ("SF-95") in accordance with the Federal Tort Claims Act ("FTCA") and therefore, their claims are barred by the applicable statute of limitations; and 2) Plaintiff Luis Perez, Sr. failed to exhaust his administrative remedies by failing to state a sum certain on his SF-95 pursuant to the FTCA.

[1] Defendant has filed this motion in lieu of an Answer and specifically preserves all affirmative defenses for inclusion in its Answer in the event that the instant motion is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 20, 2011, agents of the United States Immigration and Customs Enforcement ("ICE") presented to the apartment complex of the Plaintiffs for purposes of executing an arrest warrant. (Doc. 1). Plaintiffs allege that the ICE agents entered Plaintiffs' home by employing a pyrotechnic device causing damage to their apartment door and floor. (Doc. 1 at ¶ 10). It is further alleged that Defendants negligently entered Plaintiffs' apartment, as their apartment number was not the one listed on the arrest warrant. (Doc. 1). Plaintiffs claim they were mentally and emotionally distressed as a result of the incident. (Doc. 1 at ¶ 12).

Despite the fact that the incident occurred in July 2011, Plaintiffs Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez never presented administrative claims to the United States. Instead, on July 17, 2013, Plaintiff, Luis Perez, Sr. presented his SF-95 administrative clam form to the United States Immigration and Customs Enforcement agency as the sole claimant. *See* SF-95, attached as Exhibit 1. The administrative claim form was accompanied by a cover letter signed by the attorney for Mr. Perez. The cover letter, dated July 17, 2013, lists as the subject line: "Claim of Luis Perez." *See* Letter dated July 17, 2013, attached as Exhibit 2. Plaintiff, Luis Perez, Sr. is the only person listed as a claimant in Box 2 of the SF-95. *See* Ex. 1. In Box 12 of the SF-95 form, "greater than $10,000" is listed in Box 12(a) as being sought for "property damage." *Id.* In Box 12(b), Plaintiff Luis Perez, Sr. lists "greater than $250,000" as being sought for "personal injury." *Id.* Plaintiff Luis Perez, Sr. in Box 12(d) lists "greater than $260,000" as the "total damages sought." *Id.*

On March 16, 2015, ICE sent a letter to the attorney for Plaintiff Luis Perez, Sr. denying the claim. *See* March 16, 2015 Denial Letter, attached as Exhibit 3. As was listed on the cover letter to the SF-95 and the SF-95 itself, the denial letter referenced the claim of Luis Perez, Sr., the sole claimant. *Id.* On September 14, 2015, Plaintiffs filed their Complaint pursuant to the FTCA (Doc. 1) and, for the first time, the names of Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez were revealed as persons having claims against the United States. To date, Plaintiffs Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez have not submitted an SF-95 administrative claim form and ICE was never put on notice as to the their individual claims until the filing of the Complaint in the instant action.

Prior to filing an FTCA lawsuit, a plaintiff must first submit an administrative claim that gives notice of his or her claim and the sum certain sought for the claim. Luis Perez, Sr. submitted a single administrative claim that identified him as the sole claimant. Instead of listing a sum certain for damages, Plaintiff Luis Perez, Sr. listed his total damages as being "greater than $260,000." Plaintiffs Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez are not mentioned anywhere in the administrative claim form or any of the correspondence submitted with it. Thus, Plaintiffs Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez have failed to comply with the necessary prerequisites for bringing a claim pursuant to the FTCA and Plaintiff Luis Perez, Sr. failed to list a sum certain as required by the FTCA. More than two years have passed since Plaintiffs' claim accrued and it is now too late to correct the defects; therefore, Plaintiffs' Complaint should be dismissed with prejudice.

## **STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(1) is a motion challenging the subject matter jurisdiction of the court. Subject matter jurisdiction can be attacked in two ways: 1) facial attacks and 2) factual attacks. *See McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (per curiam). Facial challenges require the court merely to consider whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true. *Id.* Factual attacks contest the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings are considered. *Id.* The present Motion, presents a factual attack to subject matter jurisdiction. "In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits." *See Morrison v. Amway Corp.*, 323 F.3d 920, 924-25, n. 5 (11th Cir. 2003) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Thus, a factual attack relies on extrinsic evidence and does not assert lack of subject matter jurisdiction based solely on the pleadings. *Id.*

Federal Rule of Civil Procedure 12(b)(6) empowers a court to grant a motion to dismiss when a complaint fails to state a claim upon which relief can be granted. In general, a complaint should survive dismissal only if it states a legally cognizable claim for relief along with allegations which could, if true, entitle the complainant to relief. *See Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). The pleadings are construed broadly, such that all facts pleaded therein are accepted as true, and all reasonable inferences are viewed in a light most favorable to the plaintiff. *See Bryant v. Avado Brands,*

*Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Dismissal is appropriate, however, if the complaint fails to allege facts regarding an element of the claim necessary to obtain relief. Furthermore, a motion to dismiss should be granted if an affirmative defense or other bar to relief appears on the face of the complaint. *See, e.g., Prudential Ins. Co. of America v. Baum*, 629 F.Supp. 466 (N.D.Ga. 1986) (quotation marks and citations omitted).

## ARGUMENT

### I. PLAINTIFFS, LUIS PEREZ, JR., CHAVELIZ PEREZ, ISAIAH RAY, CARLOS PEREZ, AND ANDREW PEREZ FAILED TO PRESENT THEIR FTCA CLAIM TO THE APPROPRIATE FEDERAL AGENCY WITHIN THE REQUISITE TWO-YEARS AFTER ACCRUAL; THEREFORE, THEIR CLAIMS ARE TIME-BARRED.

#### A. FTCA Requirements for Submission of Claim

Before a party may bring a claim under the FTCA, the potential plaintiff "shall have ***first*** presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). (Emphasis supplied). "A district court lacks jurisdiction over an FTCA action if the plaintiff has not complied with the notice requirements of § 2675(a)." *See Martinez v. Minnis*, 257 F. App'x. 261, 263 (11th Cir. 2007) (citing *Burchfield v. United States*, 168 F.3d 1252, 1254-55 (11th Cir. 1999). Further, "the administrative notice requirement of 28 U.S.C. § 2675 'is jurisdictional and cannot be waived.'" *See Martinez* at 264 (quoting *Lykins v. Pointer Inc.*, 725 F.2d 645, 646 (11th Cir. 1984). "The FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining suit in a suit against the government." *Dalrymple v. United States*, 460 F.3d 1318, 1325 (11th Cir. 2006) (emphasis in original). The administrative claim requirement is imposed to allow investigation and possible

settlement of claims. *Burchfield* at 1255. A proper notice of claim occurs when the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim. *Burchfield*, 168 F.3d at 1255 (citing *Adams v. United States*, 615 F.2d 284, 289 (5th Cir.) (internal quotations omitted).

In addition to the above, the administrative claim itself must meet certain requirements under the FTCA. An FTCA claim is deemed presented to the agency if it is "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). "A claim shall be presented as required by 28 U.S.C. § 2401(b) as of the date it is *received* by the appropriate agency." 28 C.F.R. § 14.2(b)(1) (emphasis supplied).

In the Complaint, Plaintiffs Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez assert claims under the FTCA, seeking to recover damages as a result of the alleged negligence of the United States. (Doc. 1). However, Plaintiffs Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez never complied with the FTCA notice requirements and have never given the appropriate Agency (ICE) written notice of their claims, nor have they ever placed a value on their individual claims. Rather, the sole SF-95 submitted to the Agency identifies Luis Perez, Sr. as the sole claimant, and there is absolutely no mention of a claim on behalf of Plaintiffs Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez.[2] *See* Exh. 1. As Plaintiffs Luis Perez, Jr.,

---

[2] In fact, Plaintiffs' counsel's own letter to ICE dated July 17, 2013, states "Re: Claim of Luis Perez." Exh. 2. The letter makes no mention of Plaintiffs Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez.

Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez never presented their claims to the appropriate Agency thereby failing to comply with the administrative notice requirements of the FTCA, this Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and their claims must therefore be dismissed with prejudice.

**B. FTCA Statute of Limitations**

The legal question of when a claim accrues for purposes of the FTCA is a matter of federal law. *See Phillips v. United States*, 260 F.3d 1316 (11th Cir. 2001). The FTCA is a limited waiver of sovereign immunity making the federal government liable to the same extent as a private person for injury caused by "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). As a waiver of sovereign immunity, the FTCA must be strictly construed in favor of the United States. *See McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17 (1951); *see also United States v. Nordic Village*, 503 U.S. 30, 34, 112 S.Ct. 1011, 1014 (1992). Section 2401(b) represents "the balance struck by Congress in the context of tort claims against the Government . . . ." *United States v. Kubrick*, 444 U.S. 111, 117 and 357 (1979). It reflects "a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free from stale claims in time comes to prevail over the right to prosecute them.' " *Id.* at 117, 356-57. The "plea of limitations [is] a 'meritorious defense, in itself serving a public interest.' " *Id.* at 117, 357.

Before an action can be brought in district court under the FTCA, "a claimant must first exhaust his administrative remedies by filing an administrative grievance with the

appropriate federal agency within two years of the date the claim accrues." *Torjagbo v. United States*, 285 Fed. Appx. 615, 617 (11th Cir. 2008) (citing 28 U.S.C. §§ 2675(a), 2401(b)).[3] Under the provisions of 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within ***two years*** after such claim accrues . . . ." *Id.* (emphasis added). This limitation must be strictly construed. *See Kubrick*, 444 U.S. at 117-18 (1979).

Under § 2401(b), the limitations period generally begins to run when a plaintiff suffers an injury. *Chamness v. United States*, 835 F.2d 1350, 1352 (11th Cir. 1988); *Price v. United States*, 775 F.2d 1491, 1493 (11th Cir. 1985); *Kubrick*, 444 U.S. at 122, 359. The rule in such cases is that a claim under the FTCA "accrues when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both her injury and its connection with some act of the defendant." *Price*, 775 F.2d at 1494. "More specifically, the claim accrues when the plaintiff is armed with the facts about the harm done to him, and can protect himself by seeking advice . . . ." *See Trupei v. U.S. Dept. of Justice*, 239 F. App'x 489, 492 (11th Cir. 2007) (citations omitted).

Here, Plaintiffs Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez alleged injuries and damages arose on July 20, 2011 when the incident occurred. It is clear that by that date, Plaintiffs were armed with facts about the alleged harm done to them, as they also received a letter from the Assistant Special Agent in Charge for ICE regarding the incident. *See* July 20, 2011 letter from Guillermo Cancio, Jr., attached to the July 17, 2013 cover letter from Plaintiffs' counsel (Exhibit 2). Thus, under the FTCA, Plaintiffs'

[3] The Supreme Court recently found that the time limitation within Section 2401(b) is not a jurisdictional requirement. *See U.S. v. Kwai Fun Wong*, 135 S.Ct. 1625, 1632-33 (2015).

administrative claim was due no later than July 20, 2013. It is undisputed that the only Plaintiff who submitted an SF-95 was Plaintiff Luis Perez, Sr., who submitted his claim on July 17, 2013. To date, Plaintiffs Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez have not submitted a claim to ICE. Therefore, the claims of Plaintiffs Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez are time-barred, as they were not presented to ICE within the requisite two years after accrual and thus, should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**C. Plaintiff Luis Perez, Sr.'s administrative claim cannot satisfy the statutory requirements of the other Plaintiffs.**

To the extent Plaintiffs Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez may contend that the claim submitted by Luis Perez, Sr. was sufficient to satisfy the FTCA prerequisites for their individual claims, this argument must fail. As stated above, the FTCA requires that *each* claim and *each* claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim." *Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (quoting *Dalrymple v. United States*, 460 F.3d 1318, 1325 (11th Cir. 2006)). Hence, "[i]n multiple claimant actions under the FTCA, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim. *Dalrymple*, 460 F.3d at 1325. Thus, one person cannot fulfill the claim requirements for another person. *Walker v. United States*, 471 F.Supp. 38, 42 (M.D. Fla. 1978). Moreover, "[o]ne person cannot file a prerequisite administrative tort claim for another…and specifically one spouse may not presume that his or her own independent claim is automatically raised or implied in the administrative claim of the other spouse." *Walker v. United States*, 471 F.Supp. 38, 42 (M.D.Fla. 1978), *aff'd*, 597 F.2d 770 (5th Cir. 1979). Thus, without more, merely

mentioning or identifying a spouse in the administrative claim is insufficient to assert a claim on behalf of the spouse. *Rucker v. US Dept. of Labor*, 798 F.2d 891, 893 (6th Cir. 1986); *Johnson v. United States*, 704 F.2d 1431, 1442 (2nd Cir. 1983); *Miller v. United States*, 157 F. Supp. 2d 1071, 1074 (S.D. Iowa 2001); *Dondero v. United States*, 775 F. Supp. 144, 149 (D.Del. 1991)(concluding "[j]urisdiction is not preserved for derivative claims by making reference to the spouse, each spouse must fulfill all jurisdictional requirements for their independent claims."); *Heaton v. United States*, 383 F.Supp. 589, 591 (S.D.N.Y. 1974) (concluding that simply listing a spouse's name on the administrative claim form "could not have put the government on notice that she was claiming loss of consortium and services.")

Only in limited circumstances may multiple claimants rely on a single administrative claim form setting forth a single sum certain. *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1201 (11th Cir. 2008). In *Turner*, a mother and father each sought to bring individual loss of consortium claims on their own behalf and a personal injury claim on behalf of their minor son. The plaintiffs initially submitted a single SF-95 to the Navy setting forth a single cum certain, which identified their son as the claimant, although on the form they stated that damages were being sought for their son and that "Mr. and Mrs. Turner suffered tangible damages, including medical expenses past and future, as well as intangible damages consistent with loss of consortium under Florida law." *Turner* at 1198. When the Navy inquired as to the parties' intentions to bring a claim on behalf of the parents, one month later each parent submitted an individual SF-95 setting forth a sum certain with the same description included in the original SF-95. The plaintiffs filed suit six months from the

date of presenting the first or original claim to the Navy, which was less than six months from the submission of the parents' claims.

The district court denied the United States' motion to dismiss the parents' claim for lack of subject matter jurisdiction because they brought suit less than six months from the time of submission of the claims, reasoning that the "mention of [Mr. and Mrs.] Turner's claims" in the original SF-95 "was sufficient to place the Navy on notice" of their claims for loss of consortium. *Turner v. United States*, 2005 WL 1027498 at *8 (M.D. Fla. Apr. 1, 2005). On appeal, the Eleventh Circuit reversed, concluding it was clear from the subsequent events that the plaintiffs' original intention was to submit three separate claims. The Court of Appeals stated in pertinent:

> Even if the Turners intended their original SF-95 to present each of their claims, and an aggregate sum certain for those claims, that form was deficient because it neither listed Mr. and Mrs. Turner as claimants nor specified the individual amounts of their claims. Multiple claimants may submit one form containing all claims, and provide an aggregate sum certain of all of the claims, but only under certain circumstances. *See, e.g.*, *Campbell v. United States*, 795 F. Supp. 1118, 1121-22 (N.D. Ga. 1990) (finding that a single SF-95 presented claims of mother, father, and minor child, because claimant specifically named both husband and child as "claimants," described each claim, and the government treated all three as claimants during settlement process).

*Turner*, 514 F.3d at 1201.

Further, in *Dalrymple*, a large group of plaintiffs brought a tort action against the United States. Each plaintiff submitted a SF-95. The first group of plaintiffs listed $250,000 as the sum certain on each individually filed SF-95. The second group of plaintiffs did not list any sum certain amount on their individually filed SF-95s, but rather, they attached a dismissal order in a state court case in which the plaintiffs collectively requested damages in

the amount of $1,000,000. When the government raised the failure to list a sum certain as a deficiency with the administrative claims, the second group submitted amended SF-95s, although it was more than two years since the alleged negligence giving rise to their claims. The court dismissed the claims of the second groups of plaintiffs based upon lack of subject matter jurisdiction.

Here, like in *Turner*, Plaintiffs Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez are not listed as claimants on the SF-95 submitted by Luis Perez, Sr.. Further, even if Luis Perez, Sr.'s claim was intended to present his claim and the claims of the other Plaintiffs, the SF-95 was deficient because, not only did it not identify the other Plaintiffs as claimants, but it also did not include a sum certain for their individual claims. Hence, Luis Perez, Sr.'s claim does not fulfill the statutory requirement for the other Plaintiffs to pursue a claim under the FTCA.

Therefore, because Plaintiffs Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez failed to first file a proper and timely administrative claim with ICE, this Court is without jurisdiction to grant any relief which they seek in this action against the United States. Accordingly, the Court must dismiss with prejudice the claims of Plaintiffs Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez against the United States.

## II. PLAINTIFF LUIS PEREZ, SR. FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES BY FAILING TO PROVIDE A SUM CERTAIN IN HIS SF-95 AS REQUIRED BY THE FTCA; THEREFORE, HIS CLAIM SHOULD BE DISMISSED AS IT IS NOW TIME-BARRED.

As stated above, an FTCA claim is deemed presented to the agency if it is "an executed Standard Form 95 or other written notification of an incident, accompanied by a

claim for money damages ***in a sum certain*** for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a) (emphasis supplied). "When the sum certain is omitted, the administrative claim fails to meet the statutory prerequisites to maintaining a suit against the government, and leaves the district court without jurisdiction to hear the case." *See Motta v. United States*, 717 F.3d 840, 844 (11th Cir. 2013) (quoting *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). *See also Dalrymple*, 460 F.3d 1318, 1324 (11th Cir. 2006).

Here, Plaintiff Luis Perez, Sr.'s SF-95 lists "Greater than $260,000" as the total amount of damages. *See* Exhibit 1. Clearly, by listing his total damages as "greater than $260,000" Plaintiff is attempting to claim any amount of money above $260,000 in damages. Indeed, "[t]he sum certain requirement of § 2675(a) serves a valuable purpose; it informs the government of the maximum amount of a claim, enabling the government to evaluate whether to settle a claim or proceed to trial." *See Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2006) (citing *Tidd v. United States*, 786 F.2d 1565, 1568 (11th Cir. 1986). Here, the government has no way of knowing what the maximum amount of Plaintiff's claim is, as it can be any number greater than $260,000. Therefore, because Plaintiff Luis Perez, Sr. failed to list a sum certain on his SF-95, he failed to comply with the administrative requirements of the FTCA. Therefore, Plaintiff Luis Perez, Sr.'s Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

Further, "[a] sum certain, or documentation from which the court can reasonably estimate the damages, must be filed with the appropriate agency within the two-year statute of limitations in order to satisfy the prerequisite to bringing suit against the government

under the FTCA." *See Dalrymple*, 460 F.3d at 1326 (citing *Adkins v. United States*, 896 F.2d 1324, 1325 (11th Cir. 1990). More than two years have passed since Luis Perez, Sr.'s claim accrued. It is no longer possible for him to correct the error. *See Dalrymple*, 406 F.3d at 1326 (stating "the dismissed plaintiff's correction of the omission of a sum certain within one-month of the filing, but undisputedly after the two-year statute of limitations, is not sufficient to correct the error, despite the government's lack of prejudice."). As such, because Plaintiff Luis Perez, Sr. failed to provide a sum certain within the two-year statute of limitations, his claims should be dismissed with prejudice pursuant to Fed. R. Civ. 12(b)(6).

## CONCLUSION

For the reasons stated above, the claims of Plaintiffs Luis Perez, Jr., Chaveliz Perez, Isaiah Ray, Carlos Perez, and Andrew Perez should be dismissed with prejudice for failure to exhaust their administrative remedies by failing to submit a Standard Form 95 ("SF-95") and their claims being barred by the applicable statute of limitations. Further, the claims of Plaintiff Luis Perez, Sr. should be dismissed with prejudice for failure to exhaust his administrative remedies by failing to state a sum certain on his SF-95 within the applicable statute of limitations pursuant to the FTCA.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By: *<u>/s/ Yohance A. Pettis</u>*
YOHANCE A. PETTIS
Assistant United States Attorney
Florida Bar No. 021216
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6198
yohance.pettis@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Matthew P. Farmer, Esq.
102 W. Whiting St., Suite 501
Tampa, Florida 33602
MattFarmer@aol.com

*<u>/s/ Yohance A. Pettis</u>*
YOHANCE A. PETTIS
Assistant United States Attorney